LUBLIN v. JAMES T. BARNES & COMPANY.

1. ACCOUNTING—PRIMA FACIE CASE—RECORD.
    Finding of trial judge that plaintiff had failed to establish a prima facie case for accounting from defendants, predicated upon allegation of wrongfully charged and received service fees from her assignor, *held*, not error under record presented.

2. EQUITY—REHEARING—DISCRETION OF COURT.
    The granting of a rehearing in a chancery case is discretionary with the trial judge.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 1 Am Jur 2d, Accounts and Accounting §§ 62–64.
[2] 19 Am Jur, Equity § 417.

3. ACCOUNTING—DUE PROCESS.

Due process requirements *held*, not to have been violated by the denial of a rehearing to plaintiff in suit for accounting, where bill had been properly dismissed for failure to establish a prima facie case upon plaintiff's presentation *in propria persona*, decree was set aside, and amended bill of complaint ordered, attorneys engaged, and no amended bill filed.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted April 12, 1962. (Docket No. 64, Calendar No. 49,147.) Decided November 9, 1962. Certiorari denied by the supreme court of the United States June 10, 1963.

Bill by Lillian Lublin, individually, as assignee of L & L Building Company, and as assignee of Max M. Lublin, doing business as Standard Home Builders, against James T. Barnes & Company, a Michigan corporation and L. D. Hayes, Inc., a Michigan corporation, for an accounting and to obtain sums improperly charged or withheld from her. Bill dismissed. Plaintiff appeals. Affirmed.

*Lillian Lublin, in propria persona.*

*Harry S. Bennett* and *Maxwell I. Silverstein,* for defendant James T. Barnes & Company.

PER CURIAM. Appeal is taken from a decree dismissing plaintiff's bill of complaint in which an accounting and the recovery of moneys were sought predicated upon the allegation that the defendants wrongfully charged and received certain service fees from plaintiff's assignor, Max M. Lublin, doing business as Standard Home Builders. This case presents no difficult question of law, but a review of the lengthy record below indicates that certain practical difficulties were insuperable.

It would serve no useful purpose to review the 91 calendar entries dating from June 22, 1956, to January 25, 1961. Suffice it to say that there were numer-

ous substitutions of attorneys for the plaintiff-appellant, the filing of 4 amended bills of complaint, and an unsuccessful attempt at an accounting in the office of the circuit court commissioner, and a presentation of the case by plaintiff-appellant *in propria persona.* She rested her case. A decree dismissing the bill of complaint was entered on May 6, 1960. The trial judge ruled that the plaintiff-appellant had failed to establish a prima facie case. A careful review of the record indicates no error in this finding.

The trial judge, despite great difficulties encountered before, indicated continuing judicial patience and sympathy by stating for the record that if plaintiff-appellant would again make a good-faith effort to engage counsel that he would seriously entertain a motion setting aside the decree. An amended bill of complaint was also ordered. Counsel was so retained and a motion made and granted. Two substitutions of attorneys quickly followed. No amended bill was filed. Not having arrived at an orderly program for the disposition of the case, an amended decree vacating the order granting a rehearing was entered. The amended decree further provided for reinstatement of the decree dismissing the bill of complaint. Granting of the rehearing was discretionary with the trial judge; the conditions imposed were reasonable. Appellant having failed to comply is now in no position to complain. She has had her day in court. Due process has not been violated. The decree of dismissal is affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.